J-S15034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MALKI MILES | : | |
| | : | |
| Appellant | : | No. 1201 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 7, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004956-2014,
CP-02-CR-0014637-2014

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED APRIL 29, 2019**

Appellant, Malki Miles, appeals *nunc pro tunc* from the amended judgment of sentence entered in the Allegheny County Court of Common Pleas, following the revocation of his probation.  Based on our Supreme Court's decision in **Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018), we must quash the appeal.

The relevant facts and procedural history of this case are as follows.  On August 25, 2014, Appellant entered a negotiated guilty plea at Docket No. 4956-2014 to aggravated assault, escape, retail theft, and resisting arrest.  That same day, the court sentenced Appellant to an aggregate term of 4 years' probation and participation in Mental Health Court ("MHC").  On March 3, 2015, Appellant entered a negotiated guilty plea at Docket No. 14637-2014 to burglary, theft, and receiving stolen property.  That same day, the court

_____
*   Retired Senior Judge assigned to the Superior Court.

sentenced Appellant to an aggregate term of 11½ to 23 months' incarceration, plus 4 years' probation and participation in MHC. At a MHC review hearing on July 20, 2015, the court heard testimony indicating Appellant had violated the terms of his probation. After a probation violation hearing on September 15, 2015, the court revoked probation at both docket numbers. The court resentenced Appellant on July 19, 2016. At Docket No. 4956-2014, the court imposed 1 to 2 years' incarceration, plus 1 year probation. At Docket No. 14637-2014, the court imposed 2 to 4 years' incarceration, consecutive to the prison term at Docket No. 4956-2014, plus 1 year probation, concurrent to the probation term at Docket No. 4956-2014, for an aggregate sentence of 3 to 6 years' incarceration, plus 1 year probation. Appellant filed a timely post-sentence motion at both docket numbers on July 29, 2016. On September 7, 2016, the court entered an amended sentencing order at Docket Nos. 4956-2014 and 14637-2014, directing concurrent, rather than consecutive, incarceration terms. Thus, Appellant received an aggregate amended sentence of 2 to 4 years' incarceration, plus 1 year probation.

On July 13, 2017, Appellant timely filed his first *pro se* petition brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court subsequently appointed counsel, who filed an amended PCRA petition, requesting reinstatement of Appellant's direct appeal rights *nunc pro tunc* as to the September 7, 2016 amended judgments of sentence. The PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc* on August 3,

2018.  On August 21, 2018, Appellant filed a timely notice of appeal *nunc pro tunc* at both Docket Nos. 4956-2014 and 14637-2014, from the September 7, 2016 amended judgments of sentence.  The court ordered Appellant on August 24, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on September 13, 2018.

Preliminarily, on June 1, 2018, the **Walker** Court held that the common practice of filing a single notice of appeal from an order involving more than one docket would no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket."  **Walker, supra** at __, 185 A.3d at 977.  The failure to file separate appeals under these circumstances "requires the appellate court to quash the appeal."  **Id.** Instantly, Appellant filed a single notice of appeal from the amended judgments of sentence entered at two separate docket numbers.  Appellant's single notice of appeal was filed on August 21, 2018, which postdates and is therefore bound by the **Walker** decision, and must be quashed.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2019